UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HUGH BITTENBENDER and ALEXANDRIA BITTENBENDER,

        Plaintiffs,

vs.

TUTOR PERINI CORPORATION,

        Defendant.

---

Civil Case No. 14-4870

ECF Case

**TO:**    **United States District Court
Eastern District of New York**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81.1, Defendant TUTOR PERINI CORPORATION (hereinafter "Defendant") by its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Nassau County Supreme Court, State of New York, in which the above-captioned matter is now pending, to the United States District Court for the Eastern District of New York. In support of said Notice, Defendant states as follows:

### Procedural History

1.     Plaintiffs filed their complaint in Nassau County Supreme Court, State of New York, on or about August 6, 2014. Plaintiffs' complaint did not contain a specific monetary demand for judgment, but states that "the monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts." A copy of the State Court complaint is attached hereto as Exhibit A. No other pleadings have been filed in State Court or otherwise received by Defendant.

3075566.1

2. This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it has been filed with this Court within thirty (30) days after Defendant received Plaintiffs' complaint wherein they demanded judgment in excess of the jurisdictional amounts of all lower courts.

**Parties and Amount in Controversy**

4. This Court has jurisdiction over this matter because the parties are citizens of different States. See 28 U.S.C. § 1332(a)(1).

5. Plaintiffs, Hugh and Alexandria Bittenbender, assert in their Complaint that they are residents of the County of Nassau, State of New York, and thus are citizens of New York for diversity purposes.

6. Defendant is a corporation organized under the laws of the state of Massachusetts with its principal place of business in California, and thus is a citizen of Massachusetts and California for diversity purposes.

7. Without admitting the veracity thereof, the complaint demands judgment against Defendant in an amount in excess of the jurisdictional limits of all lower courts. See Exhibit A. Without admitting the veracity thereof, Plaintiff allegedly sustained injuries to his shoulder, hip and back due to a twelve foot fall and was reportedly earning $175,000 a year at the time of the accident. Accordingly, without consenting to the veracity thereof, Plaintiffs' alleged injuries exceed $75,000.00. Thus, this Court has jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## Basis For Removal

8. This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332.

9. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs, by and through their attorney of record, and is being filed with the Clerk of Court for the New York County Supreme Court, State of New York.

**WHEREFORE**, Defendant files this notice of removal so that the entire state court action under Index No. 604025/2014 now pending in the State of New York, Supreme Court, County of Nassau, be removed to this Court for all further proceedings.

Dated: White Plains, New York
       August 15, 2014

Respectfully submitted,

GOLDBERG SEGALLA LLP

By: _____
Laura Ashley Martin, Esq.
11 Martine Ave. / Suite 750
White Plains, NY 10606
TEL 914.798.5479
FAX 914.798.5401
lmartin@goldbergsegalla.com

TO: Sacks & Sacks LLP
    150 Broadway, 4th Floor
    New York, NY 10038
    Attorneys for Plaintiff

3075566.1

# EXHIBIT A

3075566.1

FILED: NASSAU COUNTY CLERK 08/06/2014 03:03 PM         INDEX NO. 604025/2014
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 08/06/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------X

HUGH BITTENBENDER and
ALEXANDRIA BITTENBENDER,

                               Plaintiff(s),

    -against-

TUTOR PERINI CORPORATION

                              Defendant(s).

------------------------------------------------------------X

**SUMMONS**

*Index No.:*
*Date Purchased:*

*Plaintiff designates* NASSAU County as the place of trial

*Basis of Venue:* Plaintiff's place of residence

To the above named Defendant(s):

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    NEW YORK, NEW YORK
                AUGUST 6, 2014

                                                SACKS AND SACKS, LLP

                                                By: DAVID H. MAYER, ESQ.
                                                *Attorney(s) for Plaintiffs*
                                                *Office and Post Office Address*
                                                150 Broadway - 4th Floor
                                                New York, New York 10038
                                                (212) 964-5570

Defendant(s) Address(es):

**TUTOR PERINI CORPORATION**
1000 Main Street
New Rochelle, NY 10801
AND
C/O C T Corporation System
111 Eighth Avenue
New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
HUGH BITTENBENDER and
ALEXANDRIA BITTENBENDER,

        Plaintiff(s),

  -against-

TUTOR PERINI CORPORATION

        Defendant(s).
----------------------------------------------------------------X

**VERIFIED COMPLAINT**

**Index No.:**

Plaintiffs, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP**, respectfully allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, HUGH BITTENBENDER

**FIRST**: That at all times herein mentioned, defendant, **TUTOR PERINI CORPORATION** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

**SECOND**: That at all times herein mentioned, defendant, **TUTOR PERINI CORPORATION** was and still is a domestic joint venture duly organized and existing under and by virtue of the laws of the State of New York.

**THIRD**: That at all times herein mentioned, defendant, **TUTOR PERINI CORPORATION** was and still is in the business of providing general contracting services and was the general contractor at premises under construction located at Kings County Hospital, SUNY Downstate Medical Center at 450 Clarkson Avenue in the Borough of Brooklyn, City and State of New York.

**FOURTH**: That at all times herein mentioned, defendant, **TUTOR PERINI CORPORATION** was in the business of providing construction management services and was the construction manager at the aforesaid premises.

**FIFTH**: That at all times herein mentioned, defendant, **TUTOR PERINI CORPORATION** was retained by SUNY Downstate Medical Center/Kings County Hospital for **TUTOR PERINI CORPORATION** to act as general contractor and/or construction manager at the aforesaid premises.

**SIXTH**: That at all times herein mentioned, defendant, **TUTOR PERINI CORPORATION** entered into a subcontract with Atlantic Detail for Atlantic Detail to perform ironworking services at the aforesaid premises.

**SEVENTH**: That on the 1st day of March, 2014, while plaintiff, **HUGH BITTENBENDER** was lawfully upon the aforesaid premises as an employee of the aforesaid Atlantic Detail he was caused to sustain serious and severe injuries.

**EIGHTH**: The claim arose on the 1st day of March, 2014 at approximately 11:15 a.m. at SUNY Downstate Medical Center a/k/a new construction at Kings County Hospital in the Borough of Kings, City and State of New York. At all times herein mentioned, SUNY Downstate Medical Center owned, operated, managed and controlled the aforesaid premises and further retained numerous contractors including Atlantic Detail to perform work, labor and services thereat. While claimant was lawfully upon the aforesaid premises as an employee of the aforesaid Atlantic Detail, he was caused to sustain serious and severe injuries when he was caused to fall from structural steel. The occurrence as aforesaid was caused solely and wholly by the reason of negligence, carelessness and recklessness of defendant and its contractors, agents and employees who were negligent in the ownership, operation, management and control of the aforesaid premises. The defendant, its contractors, agents and employees failed to provide scaffolding that was properly constructed, placed, operated and maintained; further, failed to provide proper yo-yo's, lifelines, stanchions, safety cables, safety belts, harnesses, beamers and fall protection that was properly constructed, placed, operated and maintained; further, failed to provide interior lines, high lines, stanchions, cables for tying off on the interior of said structures; further, failed to provide safety devices that were in proper working order;

further, provided harnesses, beamers and other devices that were in a defective, improper condition which failed to protect the worker from falling from an elevated worksite; further, allowed slipping and tripping hazards to be and remain thereat; further, failed to provide safety nets, scaffolding, guard rails and other safety devices to prevent a fall from an elevated worksite; further, violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York, specifically, but not limited to: 23-1.5, 23-1.7, 23-1.15, 23-1.16, 23-1.17, 23-1.21, 23-1.22, 23-2, 23-3, 23-4, 23-5, 23-6, 23-7, 23-8, Article 1926 of O.S.H.A. and was otherwise negligent careless and reckless, causing claimant to sustain serious and severe injuries.

**NINTH**: Plaintiff was free from comparative fault.

**TENTH**: As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home for a long period of time; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**ELEVENTH**: The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE**, the plaintiff demands relief against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, ALEXANDRIA BITTENBENDER

**TWELFTH**: Plaintiff, **ALEXANDRIA BITTENBENDER**, repeats, reiterates and realleges each and every allegation contained in Paragraphs "**FIRST**" through "**ELEVENTH**" with the same force and effect as if herein fully set forth at length.

**THIRTEENTH**: That at all times hereinafter mentioned, plaintiff, **ALEXANDRIA BITTENBENDER**, is the wife of plaintiff, **HUGH BITTENBENDER**, and resides with him.

**FOURTEENTH**: By reason of the occurrence as aforesaid and the injuries sustained by the plaintiff, **HUGH BITTENBENDER**, the plaintiff, **ALEXANDRIA BITTENBENDER**, lost the support, services, love, companionship, affection, society, sexual relations, solace of her husband, the plaintiff, **HUGH BITTENBENDER**, and her happiness in his society has been impaired.

**FIFTEENTH**: The amount of damages sought by plaintiff, **ALEXANDRIA BITTENBENDER** exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, **ALEXANDRIA BITTENBENDER**, demands relief against the defendants herein.

        **SACKS AND SACKS, LLP**
Attorneys for Plaintiff(s)
Office & P.O. Address:
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **DAVID H. MAYER**, am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a County other than where deponent maintains his office.

DATED:  NEW YORK, NEW YORK
        AUGUST 6, 2014

_____
DAVID H. MAYER, ESQ.